## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00252-RPM

LAURA RIDGELL-BOLTZ,

      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner, United States
Social Security Administration, and
the U.S. SOCIAL SECURITY ADMINISTRATION,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

This is an action for redress for alleged violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Privacy Act of 1974. The parties anticipate that because of the nature of this action, discovery will include medical and financial information pertaining to the Plaintiff that may be subject to the Health Insurance Portability and Accountability Act of 1996. Plaintiff objects to the disclosure of such information unless the disclosure is authorized and governed pursuant to a Protective Order.

The Court has considered the parties' Joint Motion for Entry of Stipulated Order. Upon a showing of good cause in support of the entry of this Protective Order, the Court GRANTS the parties' Motion. Thus, pursuant to Fed. R. Civ. Pro. 26(c), to protect the discovery and dissemination of confidential information, **IT IS HEREBY ORDERED:**

1. To address the medical and financial information covered by this Protective Order, the parties have agreed to designate such information as "confidential" and limit disclosure accordingly. Designation of medical and financial information as "confidential" pursuant to this Protective Order shall apply to all documents, materials and information that contains medical and/or financial information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony and other information disclosed pursuant to disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3. "Confidential Information" means any document, file, portions of files, transcribed testimony or response to a discovery request, including any extract, abstract, chart, summary, note or copy made therefrom, which counsel for a party reviews and designates as confidential based on a good faith belief that the information is indeed confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

4. Documents shall be identified and designated as confidential by the party releasing them. Documents shall be designated as confidential by placing or affixing in or to them (in a manner that will not interfere with their legibility) the following: "Confidential" and/or "Subject to Protective Order." Such documents will continue to be designated as confidential throughout the litigation by both parties, unless disclosure is agreed upon by the parties in writing or is ordered by the Court pursuant to the procedure set forth herein. With respect to documents provided by any third party to this action, such documents shall be designated as confidential by

giving written notice to opposing counsel designating such portions as "Confidential." Counsel

for Plaintiff hereby designates any and all records and information Defendants obtain from

medical providers for which Plaintiff executes medical releases as "CONFIDENTIAL SUBJECT

TO PROTECTIVE ORDER" to be held and used by Defendants in accordance with the terms of

this Order.

5. Confidential Information shall be used only for the purpose of this litigation and not

for any business or other purpose whatsoever.

6. Confidential Information shall not be disclosed without the consent of the party

producing it or further Order of the Court, except that such information may be disclosed to:

(a) Assistant United States Attorneys designated to work on this case and those Special

Assistant United States Attorneys who have entered their appearance;

(b) persons regularly employed or associated with the Assistant United States Attorneys

and Special Assistant United States Attorneys described above whose assistance is required by

said Assistant United States Attorneys and Special Assistant United States Attorneys in

preparation for hearing, at trial, or at other proceedings in this case;

(c) the parties;

(d) expert witnesses and consultants retained in connection with this proceeding to the

extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees;

(f) stenographic reporters who are engaged in proceedings necessarily incident to

the conduct of this action; and

(g) other persons by written agreement of the parties.

7. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as confidential and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible. A party may designate portions of depositions as confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information shall be subject to the terms of this Protective Order. This motion must be filed within ten (10) business days after the term for initial resolution. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designated party fails to file such a motion within the prescribed time, the disputed information shall lose it designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

9. Except as set forth above, no person having access to materials designated as confidential under this Order shall make public disclosure of or disclose to any other person, any such information or material, absent either further order of the Court or stipulation by the parties.

10. At the conclusion of this litigation, unless other arrangements are agreed upon, all copies of Confidential Information shall be returned to counsel for the disclosing party or shall be destroyed. If a party chooses to destroy the Confidential Information, the party shall promptly provide to the disclosing party an affidavit certifying compliance with this paragraph.

11. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced.

12. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or from filing a motion addressing how Confidential Information shall be treated at trial.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Submitted this 29th day of November, 2010.

Counsel for Plaintiff:

Counsel for Defendants:

*Electronically filed on 11/29/2010*

*Approved via electronic mail on 11/29/2010*
Marisa L. Williams, Esq.
Williams & Rhodes LLP
7887 E. Belleview Ave. Suite 1100
Englewood, CO 80111
Phone: (303) 220-0303
Fax:    (303) 840-7370
Mlw@williamsand rhodes.com

*/s/ Randilynn M. Lord*
Randilynn M. Lord
Assistant United States Attorney
201 Third Street NW, Suite 900
Albuquerque, New Mexico 87102
Phone: (505) 224-1503
Fax:    (505) 346-7205
Randilynn.M.Lord@usdoj.gov

Raymond Hamilton
Assistant United States Attorney
201 Third Street NW, Suite 900
Albuquerque, New Mexico 87102
Phone: (505) 224-1449
Fax:    (505) 346-7205
Raymond.Hamilton@usdoj.gov

Approved this 30 day of November, 2010.

BY THE COURT:

Richard P. Matsch
Senior District Judge