IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 10-cv-00252-RPM

LAURA RIDGELL-BOLTZ,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner, United States Social Security Administration,

    Defendant.

___

ORDERS ON POST-VERDICT MOTIONS

___

On July 30, 2012, the defendant filed a Motion Notwithstanding the Verdict or, Alternatively, to Alter or Amend the Judgment [144].  In that motion, the defendant asserts that this Court erroneously instructed the jury that the plaintiff's participation in the discrimination complaint process was a motivating factor in the termination of her employment.  The Court's instruction was as follows:

> Now, the Plaintiff is not required to prove that her participation in the discrimination complaint process was the sole or exclusive motivating factor for the defendant's treatment of her.  Rather, Plaintiff must prove that her participation in the discrimination complaint process was a factor that made a difference in the defendant's decision treatment of her.

Transcript, Day 6, p. 97.

The defendant tendered proposed Instruction No. 9, reading, in pertinent part, that the jury must find that the plaintiff "would not have been terminated for any reason other than in retaliation for her protected conduct." (Exh. 5 to defendant's motion). In support of the argument, the defendant cites to the discussion in *Twigg v. Hawker*

*Beechcraft Corp.*, 659 F.3d 987 (10th Cir. 2011) concerning the methods of proof of retaliation and asserts that there was no direct evidence of a retaliatory motive.  In response, the plaintiff has correctly observed that in the *Twigg* case, the court distinguished between direct and indirect methods of proof and did not require that there be such direct evidence as suggested by the defendant here.  In this case, the plaintiff did proceed with a direct method of proof by substantial testimony of a retaliatory animus such that in evaluating the stated reasons for the plaintiff's discharge, the jury appropriately found that the plaintiff's participation in the discrimination complaint process made a difference in the decision.  The law does not require that the plaintiff prove that retaliation was the sole cause for her termination.  Accordingly, the defendant's motion is denied.

      The plaintiff filed a motion for new trial [148] claiming error in the Court's dismissal of her sex discrimination claims (both hostile environment and disparate treatment).  The dismissal was made pursuant to Fed.R.Civ.P. 50 at the conclusion of the plaintiff's case in chief.  While the Court's statement at that time that the hostility must be shown to be such that "no reasonable person would put up with it," was an overstatement of the law, it was required of the plaintiff that she prove that she was discriminated against because of her sex and that the discrimination was sufficiently severe or pervasive such that it altered the terms of conditions of her employment and created an abusive working environment.  *Morris v. City of Colorado Springs,* 666 F.3d 654, 663 (10th Cir. 2011).  The plaintiff's evidence was insufficient to support such a finding.


The plaintiff also seeks a new trial because of the comments of counsel in closing argument. There was no contemporaneous objection made and the comments are not such as would violate the "Golden Rule." Counsel did no more than state the obvious that this case involved lawyers for a government agency and that recovery of damages would be from that agency. Accordingly, there is no support for the plaintiff's motion for a new trial and it is denied.

The Social Security Administration was named as a defendant in the fifth and sixth claims for relief based on the Privacy Act. The agency was dismissed on July 26, 2012, pursuant to the stipulation for dismissal.

Now that all claims in this case have been adjudicated, it is

ORDERED that the motion of defendant Michael J. Astrue, Commissioner, United States Social Security Administration, entitled Motion for Judgment Notwithstanding the Verdict or, Alternatively, to Alter or Amend the Judgment is denied and it is

FURTHER ORDERED that the plaintiff's motion for new trial is denied and it is

FURTHER ORDERED that the judgment entered on July 3, 2012, is now a final judgment.

Dated:   October 3rd, 2012

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge