IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 10-cv-00252-RPM

LAURA RIDGELL-BOLTZ,

    Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner, United States Social Security Administration,

    Defendant.

_____

ORDER DISMISSING CLAIM OF HOSTILE ENVIRONMENT
_____

    In the Order and Judgment entered in the Tenth Circuit Court of Appeals on April 30, 2014, that Court ruled that this Court erred when it entered judgment as a matter of law under Fed.R.Civ.P. 50(a) on "on the Title VII hostile work environment claim" of the plaintiff, citing record evidence and concluding as follows:

> This testimony could lead a jury to properly conclude that Plaintiff was subjected to a hostile work environment on account of her gender. Therefore, viewing the reasonable inferences in favor of Plaintiff as the non-moving party, the evidence does not point "but one way," *Williams*, 497 F.3d at 1086 (internal quotation marks omitted). Although we express no opinion on the merits of Plaintiff's hostile work environment claim, we conclude the district court erred in entering judgment on it as a matter of law.

    Accordingly the appellate court ordered that "the case is remanded to the district court for further proceedings consistent with this order and judgment."

    The parties and this Court assumed that this order required a new trial limited to the issue of an abusive hostile work environment before termination.

    A pre-trial conference was held on September 29, 2014. There were

disagreements conceding the scope of a trial so limited.  There was discussion of the effects of the jury verdict and what a new jury should be told about the MSPB ruling, the conduct of the trial and the jury verdict.

Counsel for the plaintiff limited her claim for damages to the date of termination, November, 2007, explaining that Ms. Ridgell-Boltz had another administrative claim pending based on the treatment she received after she returned to work as a result of the MSPB decision.  The question of the viability of a trial on the plaintiff's discrete claim of the effects of working in an environment hostile to women was discussed without any resolution.  The plaintiff indicated an intention to call additional witnesses and introduce new exhibits as well as withdrawing from a stipulation read to the jury at the trial.

The defendant's position was that the plaintiff must be limited to the same evidence received at the trial and cited by the Circuit Court.  There was disagreement about what damages could be recovered in addition to the jury verdict.

These disagreements caused this Court to review the evidence at the trial and the significance of the jury verdict.  The non-economic damages claim was based on the testimony of Dr. Rachel Sutton, Ph.D., a clinical psychologist, who saw Ms. Ridgell-Boltz in February, 2007, for complaints of stress.  Dr. Sutton treated the plaintiff for three months, beginning in August, 2007, consisting of seven sessions of counseling.  Dr. Sutton treated Ms. Ridgell-Boltz again in 2009 for a few months for claims of distress the plaintiff claimed to have been caused by the working conditions she experienced after returning to work as an attorney for the SSA.

During that treatment in 2009, Dr. Sutton diagnosed PTSD based on the

plaintiff's subjective complaints of re-experiencing the anxieties that troubled her in 2007.  The defendant's counsel objected to that testimony as beyond the scope of the claim of retaliatory discharge but the objection was overruled on the ground that it could be considered in determining an award of continuing damages.  Dr. Sutton's diagnosis in 2007 was that Ms. Ridgell-Boltz had an adjustment disorder with anxiety and depression.

In closing argument, plaintiff's counsel urged the jury to award "out-of-pocket" damages over $90,000.00 and then said the following:

> And as far as emotional distress damages, you heard from the therapist she's got post-traumatic stress disorder,.  She's become hypervigilant. They explained to you how this can happen to a person in her situation. It's common sense that this destroyed her. As Teresa Abbott told you, she would go into the office, their new office, every day and cry. It destroyed her. She knew her career was trashed.   Her reputation was ruined because Ms. Keesee accused her of  lying.
>
> This is a hard number to figure also, and you guys are going to have to try and grapple with it. One thing when we were batting this around that we thought about is what amount of money would it take to compensate you for the fact that every morning you get up and you know you've been accused of lying? You know your whole career as a lawyer is on the line. You'd think about that all day every day and how Ms. Keesee got away with it. And every night when you go to bed you have the same thoughts. They invade your dreams.  They cause nightmares.
>
> I don't know how you compensate for that, but one thing we thought about was to ask you to think of it in terms of the amount of money in the morning it would take to compensate her and the amount of money at night it would take to compensate her. And what we came up with was $100 in the morning and $100 at night.  Is it worth that to feel bad all day about yourself as a person because of what your boss did  to you? Is it bad to feel that way at night? If you agree with the number, give her $200 a day for the whole period of time that she was out of work, 605 days, $200 a day. That's $120,000.  Now, maybe you agree with that number and maybe you don't. Maybe you don't even like that approach. But there's got to be some way you can compensate her for the distress she

went through. That's our suggestion.

>Trial transcript - Day 6, pp. 43-44.

The jury awarded $14,000.00 for out-of-pocket expenses and $5,000.00 for "emotional distress, pain suffering, embarrassment, humiliation or damages to reputation."

It appears that the plaintiff has been compensated for the emotional injury she sustained and that it is not feasible to attempt to recover additional damages at a second trial. Accordingly, the trial date was vacated and the Court proceeded with the plaintiff's claim for attorney fees and costs.

Upon the foregoing, it is

ORDERED, that the claim for damages based on a hostile work environment is dismissed.

DATED: July 28th, 2015

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge